**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RICHARD CARDEN, | ) | NO. CV 13-3856-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on June 5, 2013, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 11, 2013. Plaintiff filed a motion for summary judgment on January 14,

2014. Defendant filed a motion for summary judgment on February 13, 2014. Plaintiff filed a Reply on February 28, 2014. The Court has taken the motions under submission without oral argument. See L.R. 7-15; Minute Order, filed June 17, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since June 8, 1996, based primarily on alleged mental problems (Administrative Record ("A.R.") 65-777). In the most recent administrative decision, the Administrative Law Judge ("ALJ") found Plaintiff has severe mental impairments, but also found that these impairments limit Plaintiff's work capacity only moderately (A.R. 26-27). In denying disability benefits, the ALJ deemed Plaintiff's testimony less than fully credible and rejected the opinions of Dr. John L. Perry, a treating psychiatrist (A.R. 28, 31-32). The Appeals Council considered additional evidence, but denied review (A.R. 1-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

(1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

**DISCUSSION**

**I.   The ALJ Materially Erred in the Analysis of Plaintiff's Credibility.**

When an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause the symptoms alleged, the ALJ may not discount the claimant's testimony regarding the severity of the symptoms without making "specific, cogent" findings, supported in the record, to justify discounting such testimony. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1]  Generalized, conclusory findings do not suffice.  See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony") (internal citations

---

[1]   In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d 685, 693 (9th Cir. 2009); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings are insufficient under either standard, so the distinction between the two standards (if any) is academic.

and quotations omitted); <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."); <u>see also</u> Social Security Ruling 96-7p.

In the present case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" (A.R. 28). Under the above authorities, this finding mandated that the ALJ either accept Plaintiff's testimony regarding the assertedly disabling severity of the symptoms or state "specific, cogent" findings, supported in the record, to justify discounting such testimony. The ALJ appears to have rejected Plaintiff's testimony on the stated bases of: (1) the "medical evidence" (A.R. 31-32); and (2) the ALJ's perception that Plaintiff's mental health treatment has been "conservative at best" (A.R. 32).

The "medical evidence" in itself cannot provide a legally sufficient basis for rejecting Plaintiff's credibility. A "lack of medical evidence can be a factor" in rejecting a claimant's credibility, but cannot "form the sole basis." <u>Burch v. Barnhart</u>, 400 F.3d 676, 681 (9th Cir. 2005).

A conservative course of treatment sometimes can justify the rejection of a claimant's testimony, at least where the testimony concerns physical problems. <u>See, e.g.</u>, <u>Tommasetti v. Astrue</u>, 533 F.3d

4

1035, 1040 (9th Cir. 2008); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999). In the present case, however, the ALJ's description of Plaintiff's mental health treatment as "conservative at best" mischaracterizes the treatment. From at least November of 2006 forward, Plaintiff has been under the continuous care of mental health professionals, including psychiatrists, clinical pharmacists, and psychiatric social workers (A.R. 356-794). This care has taken the form of frequent therapy sessions and the prescribing of psychotropic medications (id.). As another Magistrate Judge of this Court recently determined on similar facts:

> Evidence of conservative treatment, such as over-the-counter medication, can be sufficient to discount a claimant's allegations of disability. . . . Here, however, Plaintiff has been taking psychotropic medication and receiving outpatient care since 2005. Claimant does not have to undergo inpatient hospitalization to be disabled. Indeed, the Ninth Circuit has criticized the use of lack of treatment to reject mental complaints, both because mental illness is notoriously under-reported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation. Regennitter v. Commissioner of Soc. Sec. Adm., 166 F.3d 1294, 1299-1300 (9th Cir. 1999). The ALJ's conservative treatment reason is not clear and convincing.

Matthews v. Astrue, 2012 WL 1144423, at *9 (C.D. Cal. April 4, 2012); see Mason v. Colvin, 2013 WL 5278932, at *6 (E.D. Cal. Sept. 18, 2013)

(treatment not "conservative" where claimant took prescription antidepressants and anti-psychotic medication for almost two years and, though not hospitalized during this time, received mental health treatment by a psychiatrist and a psychiatric social worker for a 14 month period); Gutierrez v. Astrue, 2010 WL 729007, at *10 (E.D. Cal. March 1, 2010) (where plaintiff took psychotropic medication prescribed by a family practitioner, the fact that the claimant was "not being followed by a psychologist or a psychiatrist" failed to support the ALJ's rejection of the claimant's credibility); see also Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (citations and quotations omitted).

Plaintiff's prescription medications have included Zyprexa, Depakote, Geodon, Remeron, Lithium, Zoloft, Risperdal, Wellbutrin, Seroquel, Trazodone and Buspirone (A.R. 276, 295, 356, 650, 678, 694, 791). Courts specifically have recognized that the prescription of several of these medications connotes mental health treatment which is not "conservative," within the meaning of social security jurisprudence. See, e.g., Gentry v. Colvin, 2013 WL 6185170, at *12 (E.D. Cal. Nov. 26, 2013) (Zyprexa); Mason v. Colvin, 2013 WL 5278932, at *3-6 (Geodon and Seroquel); Armstrong v. Colvin, 2013 WL 3381352, at *4-5 (C.D. Cal. July 8, 2013) (Zoloft and Seroquel); Simington v. Astrue, 2011 WL 1261298, at *7 (D. Or. Feb. 23, 2011), adopted, 2011 WL 1225581 (D. Or. March 29, 2011) (Depakote and Lithium).

///
///

1    Defendant appears to argue that the ALJ also stated a third
2 reason for rejecting Plaintiff's credibility (Defendant's Motion at 8
3 ("Further the ALJ observed that Plaintiff's subjective <u>pain</u> complaints
4 and his statements concerning his daily activities were not
5 consistent") (emphasis added)).  Defendant's argument is misplaced.
6 "Subjective <u>pain</u> complaints" are not at issue in the present case.  In
7 any event, it is unclear from the ALJ's decision whether the ALJ
8 actually predicated any part of the credibility determination on any
9 perceived inconsistency between Plaintiff's alleged mental illness
10 symptomology and Plaintiff's admitted daily activities.  The ALJ's
11 decision mentions certain of Plaintiff's daily activities, but does so
12 in the context of summarizing "the most recent medical evidence,"
13 specifically the report of Dr. Levin (A.R. 32).  The Court cannot
14 uphold a credibility determination based on a reason not specifically
15 and expressly stated by the ALJ as the reason for the credibility
16 determination.  <u>See</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir.
17 2003) ("<u>Connett</u>") (district court erred by relying on reasons for
18 discounting claimant's testimony other than the reasons stated by the
19 ALJ, even though the record supported the reasons on which the
20 district court had relied); <u>Pinto v. Massanari</u>, 249 F.3d 840, 847 (9th
21 Cir. 2001) (court "cannot affirm the decision of an agency on a ground
22 that the agency did not invoke in making its decision"); <u>Watts v.</u>
23 <u>Astrue</u>, 2012 WL 2577525, at *8-9 (E.D. Cal. July 3, 2012) (remand
24 required where ALJ's decision discussed the evidence potentially
25 bearing on the claimant's credibility, but "provide[d] no discussion
26 how this evidence impacted the ALJ's view of Plaintiff's
27 credibility"); <u>see also</u> <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1201 (9th
28 Cir. 1990) ("We are wary of speculating about the basis of the ALJ's

conclusion. . . ."); Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision); Coronado v. Astrue, 2011 WL 3348066, at *8 (E.D. Cal. Aug. 2, 2011) (where the reasons for the ALJ's credibility determination were uncertain, and the determination overlapped and blended with the ALJ's discussion of the medical record, remand was appropriate).

Assuming arguendo that the ALJ partially based the credibility determination on a perceived inconsistency between the daily activities mentioned in the ALJ's decision and Plaintiff's subjective complaints, the ALJ's credibility determination still would fail. In the context of discussing Dr. Levin's report, the ALJ mentions the following daily activities of Plaintiff: "he is able to live alone, take care of self-dressing, self-bathing and personal hygiene," and "while it is reported that [Plaintiff] had no family members or close friends, he remained capable of interacting and actually had no problems with any of the other individuals at his place of residence." Self-sufficiency in personal care and the ability to live alone in a room without having problems with other people who live in the same building[2] are not activities inconsistent with a claimed psychiatric inability to work at a job. A claimant does not have to be completely incapacitated to be disabled. See Fair v. Bowen, 885 F.2d 597, 603

---

[2] Actually, Plaintiff reported considerable problems interacting with people who lived in the same building (A.R. 510, 624, 767, 793).

(9th Cir. 1989); see also Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."); Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984) (fact that claimant could cook for himself and family members as well as wash dishes did not preclude a finding that claimant was disabled).

**II.  The ALJ Materially Erred in the Analysis of Dr. Perry's Opinions.**

In addition to erring in the analysis of Plaintiff's credibility, the ALJ erred in the analysis of Dr. Perry's opinions. A treating physician's opinions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating physician's opinions are contradicted,[3] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."

---

[3] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d at 1454.

Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Furthermore, "[t]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); see also Sims v. Apfel, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . ."); DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) (ALJ's duty to develop the record is "especially important" "in cases of mental impairments"). As effective at the time the ALJ rendered his most recent decision, section 404.1512(e) of 20 C.F.R. provided that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See 20 C.F.R. § 404.1512(e) (eff. through Mar. 25, 2012);[4] see also Smolen v. Chater, 80 F.3d at 1288 ("If the ALJ thought he needed to know the

---

[4] Paragraph (e) has since been deleted from this section. See 20 C.F.R. § 404.1512.

basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted). The ALJ's duty under former section 404.1512(e) is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).

In 2006, 2007 and 2008, Dr. Perry saw Plaintiff regularly and prescribed "powerful medicine," including Lithium and Geodon (A.R. 433, 438). Dr. Perry opined that Plaintiff's mental problems nevertheless remained so severe as to be disabling from all employment (A.R. 433-38).

The ALJ appears to have stated two reasons for rejecting Dr. Perry's opinions: (1) a perceived lack of "explanation" for Dr. Perry's prognosis of "chronic occupational disability" (A.R. 32); and (2) the ALJ's belief that Dr. Perry's opinions were "based on [Plaintiff's] report of a number of symptoms and signs and [Plaintiff's] report of memory limitations and concentration deficits. . . ." (A.R. 32).

With regard to reason (1), the ALJ should have attempted to recontact Dr. Perry for further explanation. See Sims v. Apfel, 530 U.S. at 110-11; Smolen v. Chater, 80 F.3d at 1288; Brown v. Heckler, 713 F.2d at 443; 20 C.F.R. 404.1512(e) (eff. through March 25, 2012). With regard to reason (2), an ALJ sometimes may disregard a treating

physician's opinion which is based on a claimant's subjective complaints, if the ALJ properly has discounted those subjective complaints. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Fair v. Bowen, 885 F.2d at 605. As discussed above, however, the ALJ did not state sufficient reasons for discounting Plaintiff's subjective complaints. Moreover, it is unclear whether Dr. Perry based his opinions solely on Plaintiff's report of subjective symptoms or, as Plaintiff argues, on Dr. Perry's observations of Plaintiff over more than a year's time and Plaintiff's asserted failure to respond adequately to the "powerful medicine" prescribed for him (A.R. 438). Cf. Mason v. Colvin, 2013 WL 5278932, at *7 (E.D. Cal. Sept. 18, 2013) (ALJ's decision to reject the opinion of a psychiatric social worker as having been "based primarily on Plaintiff's self-reports" reversed where "a review of the report reveals that the social worker clearly delineated symptoms he observed himself versus those symptoms that were based on Plaintiff's self-reports"). The ALJ should have attempted to determine the actual bases for Dr. Perry's opinions, rather than presuming Dr. Perry based his opinions solely on Plaintiff's self-reports.

**III. Remand is Appropriate.**

Because the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see Connett, 340 F.3d at 876 (remand is an option where the ALJ fails to state sufficient reasons for rejecting a claimant's excess symptom testimony); but see Orn v. Astrue, 495 F.3d at 640 (appearing,

12

confusingly, to cite Connett for the proposition that "[w]hen an ALJ's reasons for rejecting the claimant's testimony are legally insufficient and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, we remand for a calculation of benefits") (quotations omitted); see also Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (agreeing that a court need not "credit as true" improperly rejected claimant testimony where there are outstanding issues that must be resolved before a proper disability determination can be made); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).[5]

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded

---

[5] There are outstanding issues that must be resolved before a proper disability determination can be made in the present case. For example, it is not clear whether the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability, even if the opinions of Dr. Perry were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010). For at least this reason, the Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) does not compel a reversal for the immediate payment of benefits.

[6] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

for further administrative action consistent with this Opinion.

     LET JUDGMENT BE ENTERED ACCORDINGLY.

     DATED: March 4, 2014.

                                                        _____/S/_____
                                                               CHARLES F. EICK
                                                UNITED STATES MAGISTRATE JUDGE